**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

ZHANG JUAN,

Petitioner,

v.

JAMES JANECKA et al.,

Respondents.

Case No. 5:26-cv-06092-DFM

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Zhang Juan ("Petitioner"), an immigration detainee at the Adelanto ICE Processing Center represented by counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition").[1] The Court denied her ex parte application for a temporary restraining order. See Dkt. 6. Respondents filed a response, see Dkt. 9 ("Response"), and Petitioner replied, see Dkt. 10 ("Reply").

For the reasons set forth below, the Petition is **GRANTED** in part.

[1] The Petition identifies Petitioner as Zhang Juan, with her family name first; Respondents' records identify her as Juan Zhang. See Petition at 1; NTA at 1.

## II. BACKGROUND

### A. Admission, Asylum Application, and Interview

Petitioner is a native and citizen of the People's Republic of China. See Response, Ex. B ("NTA") at 1; Response, Ex. C ("Form I-213") at 1. On May 14, 2022, she was inspected and admitted at Los Angeles International Airport as a nonimmigrant visitor for pleasure, authorized to remain until November 13, 2022. See NTA at 1; Form I-213 at 3. USCIS received her Form I-589 application for asylum and withholding of removal on July 14, 2022. See Dkt. 10-1 ("Yang Supp. Decl.") ¶ 2 & Ex. 1, at 5; Form I-213 at 3. ICE's records describe the application as pending as of October 6, 2026, and record that the Department of State revoked her visa on November 17, 2022. See Form I-213 at 3. USCIS scheduled her asylum interview for April 28, 2026, then rescheduled it for October 6, 2026, at 8:00 a.m., in Tustin, California. See Yang Supp. Decl. ¶¶ 2-3 & Exs. 1-2, at 5, 7.

### B. The Arrest

On October 1, 2026, ICE conducted records checks confirming that Petitioner had no status or approved application allowing her to remain. See Form I-213 at 3. A supervisory officer signed a Form I-200 administrative warrant, dated September 30, 2026, and digitally signed October 1, 2026. See Response, Ex. A ("Form I-200") at 1. On October 6, 2026, ICE's Fugitive Operations team conducted a "targeted operation" in Tustin to locate and arrest Petitioner. See Form I-213 at 2. Officers "located and identified" her at the USCIS office "during a schedule[d] interview," told her she had overstayed her visa, and took her into custody at approximately 9:20 a.m. See id. at 2-3. No asylum interview took place. See id.; Supplemental Declaration of Zhang Juan, Dkt. 10-3 ("Zhang Decl.") ¶ 5.

ICE also issued Petitioner a Notice to Appear. Its certificate of service states that it was served on her in person on October 6, 2026. See NTA at 3.

Petitioner denies receiving any documents, and her counsel obtained the Notice from the immigration court's electronic file. See Zhang Decl. ¶¶ 7-9; Yang Supp. Decl. ¶ 5. The Notice marks the box stating that Petitioner has "been admitted to the United States," and charges her as removable under section 237(a)(1)(B) of the Immigration and Nationality Act for remaining longer than permitted. See NTA at 1, 3. Petitioner remains detained at Adelanto. See Form I-213 at 3; Petition ¶¶ 8, 29.

The parties also dispute what Petitioner was told and given at her arrest. The Form I-200's certificate of service states that the warrant was served and read to her in Mandarin. See Form I-200 at 1. Petitioner and the interpreter who accompanied her declare that no document was shown, given, or read to her. See Zhang Decl. ¶¶ 6-9; Dkt. 10-2 ("Chen Decl.") ¶¶ 5-9. The Form I-213 states that ICE served a Form I-286 Notice of Custody Determination during processing, but it dates that processing "April 7, 2026," six months before the arrest, and Respondents have not produced a Form I-286. See Form I-213 at 3; Yang Supp. Decl. ¶ 7. The Court need not resolve these disputes to decide the Petition.

### C. Subsequent Proceedings

The Form I-213 reports that Petitioner was arrested in Las Vegas in January 2025 on prostitution and solicitation charges that were dismissed in June 2025. See Form I-213 at 3. Petitioner confirms that account, and her counsel has corrected the Petition's statement that she had never been arrested. See Petition ¶¶ 18, 31; Reply at 3-4; Zhang Decl. ¶¶ 10-12. The record reflects no conviction. Petitioner's master calendar hearing, set for October 20, 2026, was continued to November 5, 2026, and no bond hearing has been scheduled. See Yang Supp. Decl. ¶ 4. Nothing in the record shows that she has requested a custody redetermination.

### D. The Claims and the Response

The Petition alleges that (1) Petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), and Respondents have detained her without the individualized custody determination and procedures that § 1226(a) and its implementing regulations require (Count One); (2) she was arrested without a warrant in violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2) and related regulations (Count Two); (3) her detention without notice or an individualized determination violates procedural due process (Count Three); (4) her detention violates substantive due process (Count Four); and (5) Respondents' conduct violates the Administrative Procedure Act ("APA") (Count Five). See Petition ¶¶ 34-51. She seeks immediate release or, alternatively, a custody hearing within seven (7) days at which the government bears the burden of proof by clear and convincing evidence; declaratory relief; production of records; injunctions against transfer, removal, and re-detention; return of property; and fees under the Equal Access to Justice Act ("EAJA"). See id. at 13-14.

Respondents argue that Petitioner, as a visa overstay never previously detained, lacks a heightened liberty interest and is entitled at most to an initial bond hearing under § 1226(a). See Response at 2-4. In reply, Petitioner withdraws her contention that her arrest was warrantless under 8 U.S.C. § 1357(a)(2) and maintains that release is required. See Reply at 3-8.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the lawfulness of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Respondents concede that Petitioner is detained under § 1226(a) and is eligible for an initial bond hearing. See Response at 3-4. The record confirms that: Petitioner was admitted after inspection, and the Notice to Appear charges her only as an admitted nonimmigrant who overstayed. See NTA at 1, 3. Section 1226(a) reaches admitted noncitizens who overstay their visas, and detention under it is discretionary. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026).

Because the parties agree that § 1226(a) governs, the Court declines to issue the requested declaration on that point. Count One also alleges that Respondents detained Petitioner without the individualized custody determination and procedures that § 1226(a) and its implementing regulations require. See Petition ¶ 38. Because the relief ordered on Count Three fully remedies Petitioner's custody, the Court does not reach that theory.

**A. Exhaustion**

Respondents do not argue exhaustion by name, but they contend that Petitioner may request a bond hearing and has not done so. See Response at 3-4. No statute requires exhaustion before a § 2241 detention challenge, but the Ninth Circuit ordinarily requires prudential exhaustion of claims the agency can address. See Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011). That requirement may be waived where, among other things, "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

The strongest argument for exhaustion is that Petitioner could ask an immigration judge for a custody redetermination at any time. See 8 C.F.R. § 1003.19(b). The Court nonetheless excuses exhaustion for the claim it decides, without relying on Petitioner's arguments that bond relief is categorically

unavailable. See Reply at 7-8. A post-deprivation bond hearing would not address Petitioner's claim that she was not afforded constitutionally adequate procedural safeguards before she was deprived of her liberty. See Zhao v. Janecha, No. 26-5025, 2026 WL 2666865, at *3 (C.D. Cal. Sept. 9, 2026) ("The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals.").

## B. Petitioner's Due Process Rights Were Violated

The Fifth Amendment Due Process Clause protects "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" the Due Process Clause protects. Zadvydas, 533 U.S. at 690, 693.

### 1. Petitioner's Liberty Interest

Respondents' principal argument is that Petitioner, unlike a noncitizen released on parole or supervision, has never been detained and released, and so lacks a heightened liberty interest. See Response at 2-3. The argument draws on Morrissey v. Brewer, which protected a parolee's conditional liberty because he "has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." 408 U.S. 471, 482 (1972). Respondents are correct that Petitioner was never released from immigration custody, and Morrissey does not require a hearing before every arrest.

A prior release is not, however, the only source of a protected interest in remaining at liberty. In Ren v. Mullin, this Court found such an interest where the government admitted a noncitizen after inspection, had her asylum application on file, and left her at liberty for months after her authorized stay

expired. See No. 26-5471, 2026 WL 2969098, at *3-4 (C.D. Cal. Oct. 2, 2026). Other judges of this District have reached the same conclusion for first-time detainees whose relationship with the immigration authorities was sustained and known. See Kuang v. Janecka, No. 26-4365, 2026 WL 2519298, at *4-5 (C.D. Cal. Aug. 26, 2026); Tao Sun v. Janecha, No. 26-5993, 2026 WL 3169280, at *3-4 (C.D. Cal. Oct. 22, 2026) (petitioner detained at an asylum-related USCIS appointment).

That reasoning applies here. The government admitted Petitioner after inspection. Within two months, while still in status, she applied for asylum, and the application has been pending for more than four years. USCIS scheduled her interview, rescheduled it, and directed her to appear, which she did. Throughout, the government knew who she was and how to reach her, and it took no step to detain her until it arrested her at the appointment it had set. See NTA at 1; Form I-213 at 2-3; Yang Supp. Decl. Exs. 1-2.

Respondents' strongest point is that nonenforcement may reflect limited resources rather than a considered judgment that a noncitizen poses no risk. See Wang v. Janecha, No. 26-4447, 2026 WL 2584800, at *1-2 (C.D. Cal. Aug. 31, 2026) (concluding that an individual who has overstayed her nonimmigrant visa "does not have a conditional liberty interest protected by the Due Process Clause"). That does not account for this record, which shows continuous, documented engagement by the same government that chose the time and place of the arrest. The Court's conclusion is limited. Admission, a pending application, and elapsed time do not confer lawful status or immunity from detention, and not every visa overstay acquires a protected interest of this kind.

**2. The Mathews Factors**

To determine what procedures are constitutionally required to protect a liberty interest, courts apply the three-part test established in Mathews v.

Eldridge, 424 U.S. 319, 335 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens of additional procedural requirements. The Ninth Circuit has observed that Mathews is "a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (citations omitted).

Private interest. Petitioner's interest in freedom from detention is substantial. The Court considers "the process [s]he received" and "the further process that was available to [her]" and will not "overstate the strength of [her] showing." Id. at 1207-08. Petitioner received no process before her arrest. A bond hearing has remained available, but process that has not occurred does little to reduce an interest already impaired by twenty days of detention. This factor weighs strongly in Petitioner's favor.

Risk of erroneous deprivation. No neutral decision-maker has assessed whether Petitioner presents a risk of flight or danger. The record contains no documented custody determination; Respondents have not produced the Form I-286 their records say was served, and the only description of that service bears a date six months before the arrest. See Form I-213 at 3. The Court does not infer that no ICE officer considered custody, and the record contains nothing like the favorable risk notation in Ren. But Petitioner had no opportunity to present her lawful admission, pending application, residence, and appearance at the government's appointment before she lost her liberty. Pre-deprivation process may have had real value. This factor favors Petitioner.

Government's interest. The Court gives substantial weight to the government's "significant" interest in enforcing the immigration laws, recognizing that "control over matters of immigration is a sovereign

prerogative." Rodriguez Diaz, 53 F.4th at 1208-09 (internal quotation marks and citation omitted). The relevant question, however, is the government's interest in detaining Petitioner before affording any process. The government knew in advance where she would be, obtained a warrant five days before the arrest, and planned a targeted operation around an appointment she attended at its direction. See Form I-200 at 1; Form I-213 at 2-3; Yang Supp. Decl. Ex. 2. The return identifies no urgency. Respondents do not contend that Petitioner is dangerous or rely on the dismissed Las Vegas charges. The burden of providing notice and an opportunity to be heard beforehand would have been modest. This factor favors Petitioner somewhat.

On balance, the Mathews factors favor Petitioner. Her detention without any pre-deprivation process violated procedural due process as applied to her.

**3. Remedy**

Having concluded that Respondents violated Petitioner's procedural due process rights, the Court turns to the appropriate remedy. After applying the Mathews test, the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (citations omitted). Certainly, there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate. See id. at 128. However, absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process. See Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (C.D. Cal. 2025).

Here, pre-deprivation process was available. The arrest was planned, the government knew where Petitioner would be, and nothing suggests exigency. The relief is limited to the violation found. Release is not conditioned on bond, a hearing, or supervision terms set by this Court. The Court declines to enjoin re-detention without a pre-deprivation hearing or to decide the burden of proof

in any future proceeding. Nothing in this Order limits Respondents' ability to detain Petitioner in the future in compliance with all applicable law and after affording her the process she is due.

## C. Remaining Claims and Requests

Petitioner has withdrawn her contention that her arrest was warrantless under 8 U.S.C. § 1357(a)(2). See Reply at 3. Because the relief ordered on Count Three fully remedies her custody, the Court does not reach the remaining regulatory contentions in Count Two or the substantive due process claim in Count Four. The Court makes no finding about whether the Form I-200 was served or read to Petitioner, whether Respondents complied with every applicable regulation, or any punitive purpose, danger, or flight risk.

Petitioner pleads her APA claim only to the extent there is no other adequate remedy in a court. See Petition ¶ 51. Habeas supplies that remedy, so Count Five is dismissed without prejudice. See 5 U.S.C. § 704. The asylum regulations require that interviews be nonadversarial, see 8 C.F.R. § 208.9(b), but they do not confer immunity from arrest, and the Court expresses no view on the merits of Petitioner's asylum application. To the extent the Petition asks the Court to bar Petitioner's removal, the Court lacks jurisdiction. See 8 U.S.C. § 1252(g).

# IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **GRANTED** in part as to Count Three.

2. Respondents must immediately release Petitioner Zhang Juan (A# 240-799-284) from custody.

3. Within three (3) days of the date of this Order, Respondents must file a status report confirming that Petitioner has been released.

4. Count One's request for a declaration that Petitioner's detention is governed by 8 U.S.C. § 1226(a) is **DENIED** as unnecessary.

5. Count Five is **DISMISSED** without prejudice. The request to bar Petitioner's removal is **DISMISSED** for lack of jurisdiction.

6. The Court does not reach Count One's remaining theory that Respondents detained Petitioner without the individualized custody determination and procedures required by § 1226(a) and its implementing regulations, Count Two (as to the theories not withdrawn), Count Four, or the alternative request for a custody hearing. These are **DENIED** as moot in light of the relief granted.

7. Any application for fees and costs under the Equal Access to Justice Act must be filed in accordance with 28 U.S.C. § 2412.

8. **IT IS FURTHER ORDERED** that Judgment be entered accordingly.

Date: October 27, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge